UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOLNIAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a public governmental entity, MCCLOUD STEWART, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, JACOB PRUE, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, RYAN DRUMMOND, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, and DOES 1 through 50, inclusive,[1]<br><br>Defendants. | No. 2:17-cv-01286 KJM AC<br><br>ORDER |

Defendants move to dismiss the third claim in plaintiff Steve Wolniak's complaint, alleged ratification by a final policymaker of unconstitutional acts by defendant police officers.

---

[1] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

ECF No. 12. As explained below, the court GRANTS defendants' motion to dismiss with leave to amend.

I.     BACKGROUND

The claims in this case arise out of defendant police officers' alleged "brutal beating of" Wolniak during his arrest on November 25, 2016, in violation of Wolniak's "rights under the United States Constitution." Compl. ¶ 1, ECF No. 1. In his third claim, Wolniak alleges that the County of Sacramento ratified defendant police officers' unconstitutional conduct, a form of municipal liability under 42 U.S.C. § 1983. *Id.* ¶¶ 49–57. As relevant here, Wolniak alleges the following:

> 52. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants, ratified (or will ratify) Defendants' acts and conduct as alleged herein and the basis for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts and conduct of Defendants Stewart, Prue, Drummond and DOES 1–30, under color of law, as alleged herein.
>
> 53. Upon information and belief, a final policymaker has determined (or will determine) that the acts and conduct of Defendants Stewart, Prue, Drummond and DOES 1–30 as alleged herein were within policy.
>
> 54. On information and belief, Defendants Stewart, Prue, Drummond and DOES 1–30 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with the significant injuries they caused to Plaintiff.

*Id.* ¶¶ 52–54.

Defendants now move to dismiss Wolniak's third claim. Mot. to Dismiss, ECF No. 12-1. Defendants contend the complaint "does not allege any facts that the County [of Sacramento] approved of or failed to discipline the Deputies' alleged conduct." *Id.* at 4. Further, "[n]o facts are alleged that would establish that the County approved the Deputies' decisions as alleged, nor the basis for it." *Id.* And any allegation that the County "will specifically approve" or "will ratify" the Deputies' alleged conduct is unripe. *Id.* (citing *Rodelo v. City of Tulare*, No. 1:15-cv-01675-KJM-BAM, 2016 WL 561520, at *1 n.1 (E.D. Cal. 2016)). While noting that
/////

2

any claim based on a speculative future act is likely not ripe, the court does not need to reach the merits of any such issue at this time.

In opposition, Wolniak contends paragraphs 53 and 54 of the Complaint sufficiently allege that "the County has determined the acts of Officer Defendants Stewart, Prue and Drummond have been within County policy and these Officers have not been investigated, disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with the unconstitutional use of force, the warrantless search or for the misrepresentations by the officers regarding the incident." Opp'n at 10, ECF No. 15. Alternatively, Wolniak requests leave to amend the complaint, offering additional allegations related to "Approving Officers Jose Telliano and Daniel Mendoza" approval or ratification of "the conduct of Arresting and Assisting Officers," including "[t]he beating of [Wolniak] and the search of [Wolniak's] room." *Id.* at 7–8.

Defendants have filed their reply, maintaining their position that the allegations "amount to only labels, conclusions, and formulaic recitations of the elements of a claim" and requesting the court deny Wolniak leave to amend "if [Wolniak] intends to add only the new allegations of fact alluded to [in] his opposition . . . ." Reply at 2, ECF No. 18.

II. LEGAL STANDARDS

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

/////

III. ANALYSIS

A. Municipal Liability

Section 1983 imposes liability on "persons" who, under color of law, deprive others of a constitutional right. 42 U.S.C. § 1983. Municipalities may be held liable as "persons" under § 1983, but not for the unconstitutional acts of their employees based solely on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–95 (1978). Rather, a plaintiff seeking to impose liability on a municipality under § 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). To sufficiently plead a *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

A *Monell* claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). Wolniak had alleged claims under the other two theories, including claims for a failure to train and for an unconstitutional custom, practice, or policy. Compl. ¶¶ 58-77. But the parties previously stipulated to dismiss these claims without prejudice. ECF No. 11 at 2. Thus, only the third theory is relevant to this motion to dismiss Wolniak's claim for ratification. *See* Compl. ¶¶ 49–57.

To state a claim under *Monell*, a party must identify the challenged policy or custom, explain how it was deficient, explain how it caused the plaintiff harm, and reflect how it "amounted to deliberate indifference, i.e.[,] explain[] how the deficiency involved was obvious

4

and the constitutional injury was likely to occur." *Young*, 687 F. Supp. 2d at 1149 (examining *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001)); *see Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (affirming dismissal where plaintiff failed to allege "any facts demonstrating that his constitutional depravation was the result of a custom or practice of the [defendant city] or that the custom or practice was the 'moving force' behind his constitutional deprivation").

### B. Ratification

A plaintiff may claim *Monell* liability where an "official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore,* 979 F.2d 1342, 1346–47 (9th Cir.1992). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." *Christie v. Iopa,* 176 F.3d 1231, 1239 (9th Cir.1999). Furthermore, "a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." *Id.* Rather, ratification requires the authorized policymaker to make a "conscious, affirmative choice." *Gillette,* 979 F.2d at 1347. Ratification "and thus the existence of a *de facto* policy or custom, can be shown by a municipality's post-event conduct, including its conduct in an investigation of the incident." *Dorger v. City of Napa,* No. 12-cv-440 YGR, 2012 WL 3791447, at *5 (N.D. Cal. Aug. 31, 2012) (citing *Henry v. Cty. of Shasta,* 132 F.3d 512, 518 (9th Cir.1997)). After proving ratification occurred, a plaintiff must also show that the ratification was (1) the cause in fact, and (2) the proximate cause of the constitutional deprivation. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). As explained below, Wolniak's complaint fails to sufficiently plead ratification in at least four ways.

#### 1. Final Policymaker

Whether an official is a policymaker for *Monell* purposes is a question governed by state law. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124 (1988). "'Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking

authority is a question of state law.'" *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)).

Wolniak has failed to allege any facts about a final policymaker sufficient to state a claim for ratification or "to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez*, 666 F.3d at 637 (quotation omitted). Wolniak merely refers to an unidentified "final policymaker" in the complaint. *Compare* Compl. ¶¶ 52–53, *with Larez v. City of Los Angeles*, 946 F.2d 630, 633, 646 (9th Cir. 1991) (observing from the record that the chief of police was "an official policymaker for the City on police matters").

### 2. Ratification of the Basis for the Actions

A plaintiff must plead that a final policymaker both "ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore,* 979 F.2d at 1346-47. For example, in *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1053 (9th Cir. 2013), the plaintiff alleged that the chief of police delayed a salary increase for plaintiff in retaliation for plaintiff's exercising his First Amendment rights. The Ninth Circuit concluded that the city manager, not the chief of police, "was the city's final policymaker," where the manager approved the chief of police's decision to delay. *Id.* at 1066. Although it was undisputed that the city manager approved the delay, the plaintiff failed to allege that the city manager "knew that the decision was in retaliation for protected speech" or that the city manager "ratified the decision despite such knowledge." *Id.*

As did the plaintiff in *Ellins*, Wolniak has failed to allege any facts showing that a final policymaker knew of the basis of the defendant officers' actions or ratified those actions despite such knowledge. Wolniak merely alleges the required elements to plead ratification: "a final policymaker . . . ratified (or will ratify) Defendant's acts . . . . the final policy maker knew of and specifically approved of (or will specifically approve of) the acts and conduct . . . ." Compl. ¶ 52. Wolniak's allegations in paragraph 53 that "a final policy maker has determined (or will determine) that the acts . . . were within policy" merely repeat the allegations of paragraph 52. *Id.* ¶¶ 52–53. Though Wolniak need not prove his case at this stage, "conclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not defeat a

6

motion to dismiss." *Young*, 687 F. Supp. 2d at 1149 (discussing *Iqbal* 's effect on claims for municipal liability).

### 3. Investigation and Failure to Discipline

A plaintiff's ratification claim is insufficient where the "claim appears to be based solely on the fact that the City's investigation did not result in disciplinary action against the officers." *Canas v. City of Sunnyvale*, No. C 08-5771 JF (PSG), 2011 WL 1743910, at *7 (N.D. Cal. Jan. 19, 2011). A plaintiff must allege more than an investigation that failed to result in discipline. *See, e.g.*, *Malott v. Placer Cty.*, No. 2:14-CV-1040 KJM EFB, 2014 WL 6469125, at *9 (E.D. Cal. Nov. 17, 2014) (finding sufficient plaintiff's allegation that the Sheriff "rejected his complaint . . . without looking at the proffered medical records and photographs"); *Dorger*, 2012 WL 3791447, at *5–6 (ratification pleaded by allegations that city delayed investigation and disregarded evidence contradicting officer testimony). Holding final policymakers liable for "fail[ure] to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law . . ." *Gillette*, 979 F.2d at 1348. The Ninth Circuit has "decline[d] to endorse this end run around *Monell*." *Id.*

Wolniak's ratification claim fails to allege more than a lack of discipline based on a final policymaker's determination. Wolniak's allegation that "a final policymaker has determined (or will determine) that the acts and conduct . . . were within policy," Compl. ¶ 53, at best permits an inference of some form of investigation at some point in time. But Wolniak does not plead that any investigation was deficient or how it was deficient. Wolniak's allegations in paragraph 54 do not alter this outcome. There, Wolniak merely alleges that the defendant police officers "were not disciplined, reprimanded, retrained, suspended or otherwise penalized . . . ." *Id.* ¶ 54. None of these allegations rise above a mere failure to discipline after an investigation.

Wolniak also cites paragraph 71 of his complaint, which alleges that defendants are "facilitating a code of silence." Opp'n at 6–7. Although the Ninth Circuit has not squarely addressed this issue, district courts in California have consistently evaluated code of silence allegations as allegations of an unconstitutional policy, practice, or custom, but not as allegations of ratification. *See, e.g.*, *Cook v. City of Fairfield*, No. 2:15-cv-02339 KJM KJN, 2017 WL

4269991, at *4–7 (E.D. Cal. Sept. 26, 2017) (evaluating "code of silence" allegations solely under a "Policy, Practice or Custom" heading distinct from separate headings for "Ratification" and "Failure to Train"); *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 930–33 (E.D. Cal. 2015) (evaluating "code of silence" allegations under "Official Policy or Custom" and "Omissions or Failures Establishing Deliberate Indifference" but not under "Ratification"); *Orellana v. Cty. of Los Angeles*, No. CV 12-01944 MMM CWX, 2013 WL 12122692, at *20–27 (C.D. Cal. Apr. 29, 2013), *aff'd on separate grounds,* 630 F. App'x 730 (9th Cir. 2016); *Washburn v. Fagan*, No. C 03-0869 MJJ, 2006 WL 1072057, at *6 & n.7 (N.D. Cal. Apr. 21, 2006), *aff'd on separate grounds,* 331 F. App'x 490 (9th Cir. 2009); *see also Cunningham v. Gates*, 229 F.3d 1271, 1283, 1292 (9th Cir. 2000) (observing district court's characterization of failure to take action to eliminate the officer code of silence as acquiescence, not ratification). "Liability based on custom is different from liability based on ratification or delegation where a single incident causally related to the constitutional deprivation may be sufficient for liability to attach." *Trevino v. Gates*, 99 F.3d 911, 918 n.2 (9th Cir. 1996) (citations omitted).

Wolniak's own categorization of his code of silence allegations comports with the above cases. Paragraph 71 of his complaint details "unconstitutional customs, practices and policies," including the alleged code of silence. Compl. ¶ 71(i). These allegations are part of Wolniak's voluntarily dismissed fifth claim for relief, which had sought relief for claims of an unconstitutional custom, practice or policy under 42 U.S.C. § 1983. *Id.* ¶¶ 67–77. Wolniak's third claim for ratification does not incorporate paragraph 71. *See id.* ¶ 58. Even if code of silence allegations were expressly pleaded in support of Wolniak's claim for ratification, these allegations cannot cure the above deficiencies in Wolniak's claim.

Reference to paragraph 28 of the complaint, as plaintiff requests, also does not salvage this claim. *See* Opp'n at 11. Although the court must construe the complaint in the light most favorable to Wolniak, that "[t]he People voluntarily dismissed the Second Count" against Wolniak for resisting arrest does not ameliorate the pleading deficiencies here. *See* Compl. ¶ 28.

### 4. Causation

Consistent with any claim for municipal liability under section 1983, a plaintiff must allege how ratification by a final policymaker caused plaintiff's harm. *Young*, 687 F. Supp. 2d at 1149; *Dougherty*, 654 F.3d at 900–01 (affirming dismissal where plaintiff failed to allege "any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the [defendant city] or that the custom or practice was the 'moving force' behind his constitutional deprivation"). Wolniak has merely recited a necessary element for the claim, that the ratification was a "legal cause" of Wolniak's physical injury, "great mental, physical and nervous pain and suffering," and "medical and incidental expenses." Compl. ¶¶ 56–57. Thus, Wolniak has not pleaded how post-conduct ratification of the alleged excessive force caused Wolniak harm. *See Kong Meng Xiong v. City of Merced*, No. 1:13-CV-00083-SKO, 2015 WL 4598861, at *30 (E.D. Cal. July 29, 2015) (finding "no such evidence of how a one-time refusal to discipline is evidence of a causal connection between the alleged ratification and the excessive force [plaintiff] complains of here"); *Jones v. Cty. of Sacramento*, No. Civ. 2:09-1025 WBS DAD, 2010 WL 2843409, at *7 (E.D. Cal. July 20, 2010) ("[A] supervisor's isolated and subsequent ratification of an officer's conduct . . . can never be sufficient to show that the supervisor caused the officer's conduct."); *Long v. City & Cty. of Honolulu*, 378 F. Supp. 2d 1241, 1248 (D. Haw. 2005), *aff'd*, 511 F.3d 901 (9th Cir. 2007) ("Even if the after-the-fact internal investigation here was somehow a 'coverup' (and there is no such evidence), it would not have prevented the shooting of Long."). *But see Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) ("[S]ome municipal pronouncements ratifying a subordinate's action could be tantamount to the announcement or confirmation of a policy for purposes of *Monell* . . . ."), *rev'd on other grounds*, 543 U.S. 194 (2004). Although Wolniak refers to a "code of silence" in both his complaint and opposition, Wolniak has not alleged a causal connection between any ratification, code of silence, and the alleged beating of Wolniak.

In sum, Wolniak's allegations are insufficient to state a claim for municipal liability premised on ratification.

C. <u>Leave to Amend</u>

Wolniak has requested leave to amend the complaint if the court grants the motion to dismiss, offering additional allegations related to "Approving Officers Jose Telliano and Daniel Mendoza" approval or ratification of "the conduct of Arresting and Assisting Officers," including "[t]he beating of [Wolniak] and the search of [Wolniak's] room." Opp'n at 7–8. In reply, defendants offer three reasons that Wolniak's proposed additional allegations remain insufficient. First, Wolniak's "proffered new factual allegations would not identify any final policymaker involved in this case" as required to plead ratification. Reply at 2, 4. Second, even if officers Telliano and Mendoza were final policymakers, the proposed additional allegations that Telliano and Mendoza "approved and ratified" the use of force on Wolniak and the search of his room are "a legal conclusion, containing no factual allegations" to support Telliano's or Mendoza's making "a conscious affirmative choice about anything." *Id.* at 4–5. Third, Wolniak's proposed amendments would not allege "the basis" for any alleged approval as required to plead ratification. *Id*.

Although the court is inclined to agree with defendants, the court should only deny a request for leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Wolniak has not yet amended his complaint. Defendants do not allege any prejudice, undue delay, or bad faith, and the court finds none present. Because Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts "should freely give leave [to amend] when justice so requires" and Wolniak conceivably could amend the complaint to state a ratification claim, the court grants Wolniak leave to amend.

/////
/////
/////
/////
/////
/////

IV. CONCLUSION

Wolniak fails to adequately plead a claim for *Monell* municipal liability premised on ratification. The court therefore DISMISSES plaintiff's third claim for relief, but with leave to amend in the event plaintiff is able to amend while complying fully with Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

DATED: December 21, 2017.

_____
UNITED STATES DISTRICT JUDGE