**CREGGER & CHALFANT LLP**
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: (916) 443-4443 / Fax: (916) 443-2124
Attorneys for Defendants COUNTY OF
SACRAMENTO, McCLOUD STEWART, JACOB
PRUE, RYAN DRUMMOND

**LAW OFFICE OF SOHAILA SAGHEB**
SOHAILA SAGHEB, SBN 144202
Email: sslawoffice@sbcglobal.net
21112 Ventura Blvd.
Woodland Hills, CA 91364
Phone: (818) 346-3724/ Fax: (818) 702-9916
Attorney for Plaintiff, STEVE WOLNIAK, an
individual

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOLNIAK, an individual, | Case No.: 2:17-cv-01286 KJM AC |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SACRAMENTO, a public governmental entity, MCCLOUD STEWART, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, JACOB PRUE, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, RYAN DRUMMOND, an individual and in his capacity as a Deputy Sheriff of the County of Sacramento, and DOES 1 through 50, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER
Case No. 2:17-cv-01286 KJM AC

1

1. Categories of documents described as follows:

(a)  Medical treatment and assessment of records of Steve Wolniak.

(b)  Mental Health treatment and assessment records of Steve Wolniak.

(c)  Records made in connection with any California Welfare and Institutions Code § 5150 et. Seq. assessments or determinations pertaining to Steve Wolniak.

(d)  The following categories of items from the personnel files of any law enforcement file produced in this action:

(1)  Employment Applications.

(2)  Evaluations.

(3)  Personnel Action Forms.

(4)  Employment Verification Forms.

(5)  Pay Information, including rates, time sheets, and income.

(6)  Next of Kin Notifications, including third party contact information.

2.  The portions designated as confidential contain information that is not available to the public and are the types of records and information which Wolniak, Stewart, Prue, and Drummond have a privacy interest in.

3.  A Court approved protective order is appropriate pursuant to Local Rule 141.1 because there are certain relevant documents that contain private information regarding Wolniak's medical treatment and mental health.

4.  The disclosed documents shall be used solely in connection with the civil action of Steve Wolniak v. County of Sacramento, et al., Case No. 2:17-cv-01286 KJM AC and in the preparation and trial of the cases, or any related proceeding.  The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

5.  A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b)

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER
Case No. 2:17-cv-01286 KJM AC

2

not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information in confidence. By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

6.     A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labelled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

7.     A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall have the burden of establishing the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8.     Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a)     All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

(b)     All counsel of record, and attorneys in the offices of counsel for Plaintiff in this action;

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER
Case No. 2:17-cv-01286 KJM AC

3

(c)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e)     Any expert, consultant, or investigator retained in connection with this action;

(f)     The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(g)     Witnesses during their depositions in this action; and

(h)     The parties to this action.

9.     Prior to the disclosure of any Confidential information to any person identified in paragraph 8 and its sub-parts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Steve Wolniak v. County of Sacramento, et al.,</u> Case No. 2:17-cv-01286 KJM AC (USDC) EDCA and shall abide by its terms.  I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

10.     The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

(a)     The producing party shall provide one copy of the Confidential documents to the receiving party.

(b)     The receiving party shall not furnish, disclose, or otherwise divulge any Confidential documents to any source, except those persons identified in Paragraph 8 herein, without further order of the Court or authorization from counsel for the producing party.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER
Case No. 2:17-cv-01286 KJM AC

4

(c)     If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

11.     Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12.     The Confidential Material produced pursuant to this Order will be redacted with respect to any purely confidential identifying personal and family information.

13.     If Plaintiff or Defendants intend to use Confidential Material in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

14.     Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER                    5
Case No. 2:17-cv-01286 KJM AC

Material is used in any deposition or other proceeding it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

15. This order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

16. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

17. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

18. After the conclusion of this litigation, all Confidential documents, in whatever form or reproduced, will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER
Case No. 2:17-cv-01286 KJM AC

6

///

///

///

///

**IT IS SO STIPULATED**.

DATE: January 26, 2018    **CREGGER & CHALFANT LLP**

         /s/ Robert L. Chalfant
         ROBERT L. CHALFANT
         Attorneys for Defendants COUNTY OF
         SACRAMENTO, McCLOUD STEWART, JACOB
         PRUE, RYAN DRUMMOND

DATE: January 25, 2018    **LAW OFFICE OF SOHAILA SAGHEB**

         /s/ Sohaila Sagheb
         SOHAILA SAGHEB
         Attorney for Plaintiff, STEVE WOLNIAK, an
         individual

   The parties' stipulation is approved with the clarification that paragraph 9 shall not apply to the court or its staff.

   **IT IS SO ORDERED**.

DATED: January 31, 2018.

_____
UNITED STATES DISTRICT JUDGE

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

STIPULATION AND
PROTECTIVE ORDER     7
Case No. 2:17-cv-01286 KJM AC